UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-20070 |
| ) | |
| LLOYD LOCKWOOD, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S SEALED MOTION
TO REVOKE ORDER OF RELEASE**

The United States of America by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jason M. Bohm, Assistant United States Attorney, pursuant to Title 18, United States Code, Section 3148(b), hereby files a motion to initiate a proceeding for revocation of the defendant's order of release in the above captioned case.

Background

On September 11, 2012, the defendant was arrested after being charged by criminal complaint with possession of a pipe bomb and with being a felon in possession of a firearm (pipe bomb). (R.1)  The affidavit in support of the criminal complaint alleges the defendant's involvement in placing a pipe bomb in the mailbox of a residence in Decatur. (R.1)

Following his arrest, the defendant appeared before United States Magistrate Judge David G. Bernthal, who ordered that the defendant be released on bond pending trial with certain conditions, including home detention and that "the defendant must not violate federal, state, or local law while on release." This matter has been continued at the defendant's request and is still pending trial.

Facts

The United States has received information that the defendant has recently violated his bond by committing new offenses. Specifically, the defendant has violated an emergency Protective Order issued by the McLean County Circuit Court, which in turn is a violation of Illinois law. 720 ILCS 5/12-3.4. The protective order prohibited, other than specific times of visitation, the defendant from having contact with his wife as well as their nine-year old daughter and their five-year old son.

The Protective Order was issued against the defendant on December 17, 2012, after a physical altercation between the defendant and his wife.[1] The defendant was ordered to keep at least 500 feet away from his wife and their children, as well as the residence they were staying at in Normal, Illinois and the children's school in Bloomington.

---

[1] The Protective Order was extended on January 4, 2013, and runs until February 1, 2013.

On January 12, 2013, at approximately 5:30 p.m., the Normal Police Department was advised that the defendant's five-year old son had been taken from the residence he was staying at with his mother.  The police investigation revealed that while the boy was being watched by a 62-year old woman at the residence, the defendant and his 22-year old daughter from another relationship drove to the Normal, Illinois residence (the same residence that is part of the Protective Order).  The 22-year old daughter went inside the residence and spoke with the five-year old, who eventually went outside to the car and left with the defendant and his 22-year old daughter.  The 62-year old woman was not informed that the boy was leaving and the police were called when she discovered that he was missing.

Law enforcement made phone contact with the defendant at approximately 6:50 p.m. and the defendant indicated that he was at his residence in Bloomington.  Shortly thereafter, police responded to the defendant's residence and attempted to make contact with anyone inside.  While lights continued to flash on and off at the residence and people could be seen moving about, no one answered the front door.  Law enforcement also learned that according to the ankle bracelet worn by the defendant that he arrived at his residence around 6:30 p.m.  The police secured the perimeter of the residence.  At approximately 8:37 p.m., the defendant's 22-year old daughter and the five-year old boy emerged from the defendant's residence.  They were taken to the Normal Police Department where they were interviewed by police and where the five-year old was reunited with his mother.

Analysis

An attorney for the government may initiate a proceeding for revocation and a judicial officer may issue a warrant for arrest of a person charged with violating a condition of release. 18 U.S.C. § 3148(b). To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. *Id.* The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer: (1) finds that there is (A) probable cause to believe that the person committed a federal or state crime while on release or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that (A) there are no conditions of release that will assure the safety of the community or (B) the person is unlikely to abide by any condition of release. *Id.*

In the instant case, the United States believes it will be able to provide probable cause to believe that the defendant committed a crime (namely, violating a protective order) while on release. Under these circumstances, the United States asserts that there are no conditions of release that will assure the safety of the community, and that even if there were, the defendant is unlikely to abide by those conditions.

THEREFORE, the United States of America respectfully requests that this Court issue a warrant for the defendant's arrest, revoke the defendant's release, and order his detention.

        Respectfully submitted,

        JAMES A. LEWIS
        UNITED STATES ATTORNEY

        s/ Jason M. Bohm
        Assistant United States Attorney
        201 South Vine Street, Suite 226
        Urbana, Illinois 61802
        (217) 373-5875
        (217) 373-5891
        jason.bohm@usdoj.gov