UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD B. LOCKWOOD,<br><br>    Defendant | No.: 12-20070 |

**DEFENDANT'S MOTIONS *IN LIMINE***

NOW COMES the Defendant, LLOYD B. LOCKWOOD, by and through his attorneys, Jonathan E. Hawley and Elisabeth R. Pollock of the Federal Public Defender's Office of the Central District of Illinois, pursuant to Federal Rules of Evidence 401, 403, 404(b), and 609(b), and for his Motions *in Limine* states as follows:

**FIRST MOTION *IN LIMINE***
**(To Bar Testimony and Evidence Concerning the Order of Protection**
**filed against Mr. Lockwood by his wife, Tonya Lockwood)**

1.      It is anticipated that the government will seek to introduce evidence that Defendant, Lloyd Lockwood, is the Respondent in a McLean County civil proceeding whereby his wife, Tonya Lockwood, filed a Verified Petition for an Order of Protection against him on December 11, 2012, and said Order was granted.  The Government may also attempt to introduce some or all of the facts contained within the Petition, including but not limited to the allegation that Mr. Lockwood choked his wife and/or pointed a gun at her.

2.      Such evidence could be introduced through the testimony of Tonya Lockwood

or investigating law enforcement agents.

3. Defendant is on trial for charges relating to the illegal possession of an unregistered pipe bomb. He is not charged with domestic abuse, aggravated battery, or any other crime involving his relationship with his wife.

4. Rule 401 provides that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

5. Defendant's alleged abuse of his wife has absolutely no bearing on whether he possessed an unregistered pipe bomb. Thus, it is irrelevant.

6. Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

7. To the extent that Defendant's alleged abuse of his wife goes towards his intent or motive in committing an offense involving a firearm, the prejudicial effect of that evidence substantially outweighs the probative value of the evidence. Thus, it is overly prejudicial and inadmissible.

WHEREFORE, Defendant LLOYD B. LOCKWOOD respectfully requests that this Court enter an Order barring reference, in the form of testimony or physical evidence, which references the McLean County civil case or any of the facts upon which the case was based.

**SECOND MOTION *IN LIMINE***
**(To Bar Evidence of Mr. Lockwood's prior convictions under FRE 404(b) and 609(b))**

8. Rule 404(b) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

9. Rule 609(b) states that a witness's prior conviction is admissible after more than ten years have passed since the date of conviction or release from confinement, whichever is later, only if the probative value of the evidence substantially outweighs the unfair prejudice.

10. It is believed that the government may seek to introduce evidence of Defendant's criminal convictions, including but not limited to the following convictions: obstruction of justice (Champaign County Case No. 2000-CF-1238), aggravated arson (Will County Case No. 1990-CF-2912), unlawful restraint (Will County Case No. 1988-CF-931), and felony theft (DuPage County Case No. 1988-CF-1578).

11. If Mr. Lockwood chooses not to testify, none of the aforementioned convictions should be admitted into evidence. They are wholly different than the offense charged in the current case and cannot possibly relevant to any purpose other than to show Mr. Lockwood's character flaws.

12. If Mr. Lockwood chooses to testify, each of the convictions are more than ten years old and the prejudicial effect of introducing said convictions far outweighs their probative value.

WHEREFORE, Defendant LLOYD B. LOCKWOOD respectfully requests that this Court enter an Order barring reference, in the form of testimony or other evidence, which references any of the aforementioned criminal convictions.

Respectfully Submitted,

LLOYD LOCKWOOD, Defendant

JONATHAN E. HAWLEY
Federal Public Defender

BY: /s/ Elisabeth R. Pollock
　　ELISABETH R. POLLOCK
　　Staff Attorney
　　300 West Main Street
　　Urbana, Illinois 61801
　　Telephone: (217) 373-0666
　　Facsimile: (217) 373-0667
　　Email: Elisabeth_Pollock@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Jason Bohm.

　　/s/ Elisabeth R. Pollock
　　ELISABETH R. POLLOCK
　　Staff Attorney
　　300 West Main Street
　　Urbana, Illinois 61801
　　Telephone: (217) 373-0666
　　Facsimile: (217) 373-0667
　　Email: Elisabeth_Pollock@fd.org