**E-FILED**
Wednesday, 31 July, 2013 04:55:17 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 12-CR-20070** |
| | ) | |
| **LLOYD B. LOCKWOOD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

On October 4, 2012, Defendant, Lloyd B. Lockwood, was charged by indictment with one count of knowingly possessing a destructive device, that is, a pipe bomb, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and one count of knowingly possessing a firearm, that is, a pipe bomb, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). This case is set for a jury trial on August 12, 2013, at 9:00 a.m.

MOTIONS IN LIMINE

On July 3, 2013, Defendant filed his Motions in Limine (#22). On July 17, 2013, the Government filed its Response (#24). This court granted Defendant's First Motion in Limine at the final pretrial conference on July 29, 2013.

In his second Motion in Limine, Defendant stated that he has the following previous criminal convictions: obstruction of justice (Champaign County Case No. 2000-CF-1238); aggravated arson (Will County Case No. 1990-CF-2912); unlawful restraint (Will County Case No, 1988-CF-931); and felony theft (DuPage County Case No. 1988-CF-1578).

Defendant argued that, if he chooses not to testify, none of the convictions should be admitted into evidence. Defendant also argued that, if he chooses to testify, none of the convictions should be admitted for impeachment pursuant to Rule 609(b) of the Federal Rules of Evidence because each of the convictions is more that ten years old and the prejudicial effect of introducing the convictions far outweighs their probative value.

In its Response (#24), the Government pointed out that one of the essential elements of the offense charged in Count 2 is that Defendant had been convicted of a felony offense prior to the date of the offense, March 30, 2011. The Government stated that it anticipated that the parties will be able to stipulate, pursuant to Old Chief v. United States, 519 U.S. 172 (1997), that, prior to March 30, 2011, Defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year. Thus, if Defendant chooses not to testify, the specifics of his convictions would not be admitted into evidence.

As far as impeachment if Defendant testified, the Government argued that his 2000 Champaign County conviction for obstruction of justice should be admitted. The Government argued that the conviction is relevant for impeachment purposes because the statute Defendant violated, 720 Ill. Comp. Stat. 5/31-4(a), involves a dishonest act or false statement. The Government argued that Defendant's credibility will be a central issue at trial and the age of the prior conviction does not undermine its relevance. The Government acknowledged that the conviction is more than 10 years old because he pled guilty and received time served for the offense on January 3, 2001. The Government argued that the conviction should nevertheless be admitted because the probative value "substantially outweighs its prejudicial

effect" under Rule 609(b)(1). The Government stated that facts and circumstances of Defendant's prior conviction of obstruction of justice are that Defendant provided a false name and birth date to police officers after he was involved in an accident. The Government argued that this conviction, which involved a false statement, is highly probative of credibility. The Government also argued that its prejudicial effect is minimal because the offense is not similar to the instant offense and the jury will already know that Defendant has a felony conviction because of the anticipated stipulation.

Rule 609(a)(2) of the Federal Rules of Evidence provides that evidence of a crime must be admitted for impeachment purposes "if the court can readily determine that establishing the elements of the crime required proving–or the witness's admitting–a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The statute Defendant pled guilty to violating provides that a "person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly . . . destroys, alters, conceals, or disguises physical evidence, plants false evidence, [or] furnishes false information." 720 Ill. Comp. Stat. 5/31-4(a) (West 2000). This court therefore concludes that establishing the elements of the crime required proving a dishonest act or false statement.

However, Rule 609(b) of the Federal Rules of Evidence "severely limits the use of a prior conviction to impeach a witness if a period of more than ten years has elapsed since the conviction or the witness's release from any confinement imposed for that conviction." United States v. Rogers, 542 F.3d 197, 198 (7th Cir. 2008). In this case, there is no dispute that Defendant's conviction of obstruction of justice is more than 10 years old. The

Government has conceded that Defendant was convicted, and was released from confinement, on January 3, 2001, more than 12½ years ago. Rule 609(b) provides that, when a conviction is more than ten years old, evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). In this case, Defendant has been given a fair opportunity to contest the use of the conviction for impeachment purposes so only the first part of the test is at issue.

"Rule 609(b) is not an absolute bar to the admission of a prior conviction that is more than ten years old; it is, instead, an asymmetrical balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." Rogers, 542 F.3d at 201 (emphasis in original). The Seventh Circuit has stated that "impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances." Rogers, 542 F.3d at 201; see also United States v. Redditt, 381 F.3d 597, 601 (7th Cir. 2004). However, the Seventh Circuit will "uphold a district court's decision to admit a conviction over ten years old as long as the record shows that the district court thoughtfully analyzed the facts and properly weighed the probative value of the evidence against its prejudicial effect." Redditt, 381 F.3d at 601.

In Redditt, the Seventh Circuit determined that the district court did not err in admitting evidence regarding the defendant's conviction of stealing electricity which was more than ten

years old because the defendant's "credibility was a critical factor in the case 'in light of the complete contradiction between the defendant's testimony and the testimony of the government witness.'" Redditt, 381 F.3d at 601. Here, the Government has argued that Defendant's credibility will be a central issue at trial. However, this court notes that it is generally true that a criminal defendant's credibility is a central issue when he takes the stand and presents a defense to the charges against him. This court therefore concludes that this case does not involve any "exceptional circumstances" which makes this one of the "rare" cases where impeachment with a criminal conviction more than ten years old should be allowed. See Rogers, 542 F.3d at 201

This court also concludes that Defendant's 12½ year old conviction of obstruction of justice is not highly probative of Defendant's credibility. See United States v. Gray, 410 F.3d 338, 346 (7th Cir. 2005) (no abuse of discretion where the district court would not allow defendants to impeach government witness with 12-year-old perjury conviction that did not involve court testimony but, instead, involved a statement made on an application for a California driver's license). In this case, similar to the situation in Gray, Defendant's obstruction of justice conviction did not involve court testimony or a statement made under oath but rather involved providing false information after an accident. This court concludes that any probative value this old conviction of obstruction of justice may have as to Defendant's credibility cannot possibly "*substantially* outweigh the prejudice caused by its admission into evidence." See Rogers, 542 F.3d at 201 (emphasis in original). This court has "thoughtfully analyzed the facts and properly weighed the probative value of the evidence

against its prejudicial effect." See Redditt, 381 F.3d at 601. Following this careful analysis, this court agrees with Defendant that none of his prior convictions should be admitted for impeachment purposes if he chooses to testify.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motions in Limine (#22) are GRANTED.

(2) Defendant's First Motion in Limine was granted at the final pretrial conference held on July 29, 2013.

(3) Defendant's Second Motion in Limine is GRANTED.

(4) As long as the parties enter into a stipulation pursuant to Old Chief that, prior to March 30, 2011, Defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year, only the stipulation will be presented to the jury and no other evidence of his prior convictions will be admitted for purposes of establishing his prior conviction of a felony as an element of Count 2 of the Indictment.

(4) If Defendant chooses to testify, none of Defendants prior convictions, all of which are more than ten years old, may be admitted into evidence for impeachment purposes pursuant to Rule 609(b) of the Federal Rules of Evidence.

(5) This case remains scheduled for a jury trial on August 12, 2013, at 9:00 a.m.

ENTERED this 31st day of July, 2013.

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKY
U.S. DISTRICT JUDGE