IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LLOYD B. LOCKWOOD, ) | No. 12-cr-20070 |
| ) | |
| Defendant. ) | |

## POST TRIAL MOTIONS

**NOW COMES** Defendant, Lloyd B. Lockwood, by and through his court-appointed attorney, Jon Gray Noll, and pursuant to *Federal Rules of Criminal Procedure Rule 29(c), Rule 34,* and R*ule 33,* states to this Honorable Court as follows, that:

## BACKGROUND

Count 1 of the Indictment charged the Defendant with possessing a destructive device which was not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §5841, §5861(d) and §5871(1). Count 2 of the Indictment charged the Defendant with unlawful possession of a firearm by a person who has been previously convicted of a felony in violation of 18 U.S.C. 922(g)(1) (2).

The Defendant pled not guilty to both charges and requested a trial by jury. Throughout the proceedings, he was represented by Elisabeth R. Pollock and John C. Taylor of the Federal Public Defender's Office, Urbana, Illinois.

The matter went to trial before a jury on August 13 and 14, 2013, with Judge Michael P. McCuskey presiding.

On August 14, 2013, the jury returned a verdict of guilty as to both counts.

Thereafter, the Defendant requested a substitution of counsel claiming, among other things, ineffective assistance of representation. The Court relieved Ms. Pollock and Mr. Taylor from further duties and appointed present counsel to represent the Defendant on any further proceedings, to include these Post Trial Motions.

Transcripts of the trial have been provided to present counsel by Court Reporter Lisa Cosimini. These have been reviewed with the Defendant.

These post-trial motions are filed on a timely basis pursuant to order of court.

## MOTION FOR JUDGMENT OF ACQUITTAL
## FEDERAL RULE OF CRIMINAL PROCEDURE RULE 29(c)(2)

Fed.R.Crim.P. 29(c)(2) governs motions made after the return of a verdict and provides:

(c) After Jury Verdict or Discharge.

    (1) Time for Motion…

    (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

    (3) No Prior Motion Required…

The purpose of the Rule is to protect the defendant from the "improper or irrational verdict" of a jury that may not be "capable of applying strictly the

instructions of the Court, or of basing their verdict entirely on the evidence developed at the trial." *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781, 2788 n.10 (1979).

It is well-established that a trial judge confronted with a Rule 29(c) motion must consider all of the evidence in a light most favorable to the government and grant the motion when it appears to the Court that the evidence is insufficient to sustain a conviction….the government must be given the benefit of all inferences which can reasonably be drawn from the evidence…even if the evidence is circumstantial….It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984), citing *Glasser v. United States*, 315 U.S. 60, 86 L.Ed. 680, 62 S.Ct. 457 (1942).

The motion must be granted

> when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt…and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *United States v. Beck*, 615 F.2d 441 (7th Cir, 1980), quoting *United States v. Fearn*, 589 F.2d 1316, 1321 (7th Cir. 1978).

When the defendant has put on a defense, the issue is whether the evidence presented by both sides (1) "is so scant that the jury could only speculate as to the defendant's guilt" or (2) raises a reasonable doubt as a matter of law*. Beck, supra,* 615 F.2d at 448.

**ARGUMENT:**

The Defendant believes that the prosecution's case was wholly insufficient to prove him guilty beyond a reasonable doubt as a matter of law. He bases this conclusion upon the following factors:

a. Knowingly – The final argument by defense attorney Pollock focused on the defense that the Defendant had to "knowingly" participate in the criminal activity. The prosecution totally failed to show that the Defendant knew that the package given to him by Ms. Curtis was, in fact, a pipe bomb. The prosecution had no evidence that the Defendant knew it was a pipe bomb other than coerced statements subsequent to the event.

   If the Defendant had known it was a pipe bomb, he would never have carried it from Bloomington, Illinois to Decatur, Illinois and placed it in Mr. Grider's mailbox. To have done so would have been dangerous and life-threatening to himself. Certainly, any individual who was acting as an accomplice to plant a pipe bomb to kill some individual would be more inquisitive, more versed with the salient facts, and extremely cautious in his handling of the purported bomb.

   Counsel's closing argument captures the essence of the Defendant's lack of knowledge that the package contained a pipe bomb.

   This is a simple proposition. The Court, with its knowledge of the ways of the world, can easily conclude that the Defendant

had absolutely no knowledge that the package was a pipe bomb. This fact alone demands a judgment of acquittal.

b. Motive – The prosecution showed no motive why a successful businessman such as the Defendant would deliver a pipe bomb to an individual whom he did not know, in a location where he had never visited before, and for no stated reason.

The Defendant was not paid by Ms. Curtis to deliver the pipe bomb. The Defendant had no romantic relationship with Ms. Curtis that would prompt his delivery of the pipe bomb. The prosecution failed to show any reason why this successful businessman would knowingly place himself in harm's way. The government never answered that key question.

The defense understands that a motive is not an element of the offense. However, the Court must look at "why" an individual would risk his life and freedom under the fact scenario disclosed herein. Quite frankly, there is no reason why an individual would do this – other than through lack of knowledge.

The Defendant's actions are totally lacking in motive and purpose. The Defendant is a rational and intelligent individual. Such a person so endowed would never act unless there was some motive. No motive has been shown for him to have wanted the death of Mr. Grider.

Thus, the Court, as a matter of law, should grant his motion for judgment of acquittal.

 c. Manipulation – It is clear from the evidence presented by the prosecution that Ms. Curtis manipulated the Defendant in the perpetration of the delivery of the pipe bomb. A review of his statements in the 911 call reflect a total disconnect between his actions and the purposes of his actions.

 The bomb was not placed in Mr. Grider's vehicle, even though the 911 call said that it was. The Defendant was virtually an automaton following the direction of Ms. Curtis, whose intentions and purposes were criminal in nature.

 Certainly the Defendant should not have followed her directions. In fact, he did not. The bomb was not placed in Mr. Grider's truck.

 This series of actions show the manipulative behavior of Ms. Curtis and her almost unnatural control of this very fine gentleman. She was the individual who hatched this plot. She was the individual who assembled the pipe bomb. She was the individual who directed the Defendant to act. She was the only individual who had anything to gain from this scheme.

 The Defendant had no knowledge that the package was a pipe bomb, nor was there any reason for him to deliver same. It is only because of the manipulative actions of Ms. Curtis that he ever got involved in this misadventure.

 He may have erred in his friendships, but that, alone, does not make him a criminal.

Counsel requests oral argument on the motion.

### MOTION IN ARREST OF JUDGMENT- FEDERAL RULE OF CRIMINAL PROCEDURE 34

Federal Rule of Criminal Procedure 34(a) provides:

(a) In General.  Upon the defendant's motion or on its own, the court must arrest judgment if:

(a) The indictment or information does not charge an offense; or

(b) The court does not have jurisdiction of the charged offense.

Although it is a post trial motion, a motion in arrest of judgment is not concerned with the sufficiency of the evidence, the inadmissibility of certain portions of the evidence, or any of the other issues that typify post-trial practice. A Fed.R.Crim.P. 34 motion is limited to two issues: (1) the indictment or information fails to charge an offense; or (2) the court was without jurisdiction of the offense charged.  These are the same defects that Fed.R.Crim.P. 12(b)(3) says a court can hear "at any time while the case is pending."

"Since Rule 34 motions for arrest of judgment primarily address these essentially legal, nonfactual issues, the district court should determine a Rule 34 motion solely from a study of the face of the indictment and the applicable law, without resort to the evidence adduced at trial."  *United States v. McLemore*, 815 F.Supp. 432 (S.D.Ala. 1993).  The motion is to be decided only on the indictment, the plea, the verdict, and the sentence, all of which represent "the record." *United States v. Farley*, 760 F.Supp. 461 (E.D.Pa. 1991); *United States v. Fagan*,

821 F.2d 1002 (5th Cir. 1987); *United States v. Stolon*, 555 F.Supp. 238 (E.D.N.Y. 1983); *United States v. Bradford*, 194 F.2d 197 (2d Cir. 1952). "The evidence is not part of the record."

The Seventh Circuit looks with disfavor on challenges to the sufficiency of an indictment that are initiated by a motion in arrest of judgment. In *United States v. Willis*, 515 F.2d 798 (7th Cir. 1975), the defendant filed a Rule 34 motion that was denied. He appealed the denial, and the Seventh Circuit held that a failure to "question the indictment in advance of trial…does not constitute a waiver [of any insufficiency therein], but it does make it appropriate to construe the indictment liberally in favor of sufficiency." 515 F.2d at 799. *See also United States v. James*, 923 F.2d 1261 (7th Cir. 1991); *United States v. F.J. Vollmer & Co.*, 1 F.3d 1511 (7th Cir. 19932); *United States v. Gironda*, 758 F.2d 1201, 1210 (7th Cir. 1985), *distinguished on other grounds by United States v. Petitjean*, 883 F.2d 1341 (7th Cir. 1989). Gironda indicates that the better practice is to initiate a challenge to the sufficiency of an indictment by pretrial motion and then to renew that attack with a motion in arrest of judgment should the latter prove necessary.

As a matter of law, Defendant submits to the Court that he believes that the alleged device does not constitute a physical item of contraband under either statute for which he was charged and convicted. Specifically, the device was non-functioning. According to the statutory definition of a firearm or destructive device, this instrument does not meet the required factual basis to constitute an offense.

Defendant requests the Court's review of the indictment with focus on the Constitutionality of the offenses charged; the nature of the offenses charged; and the jurisdiction of the Court.

Oral argument is not requested.

## MOTION FOR A NEW TRIAL
## FEDERAL RULE OF CRIMINAL PROCEDURE RULE 33

Fed.R.Crim.P. 33 was amended effective December 1, 2002 and now reads:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case.

(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

There are really two different motions for new trial. One is made within seven days after the verdict and is based on trial error, the weight of the evidence, and other similar issues. The second, which is less common, is made "within three years after the verdict or finding of guilty" and is based on newly discovered evidence.

"[T]he standard applicable to a motion for a new trial is different from that used in determining whether a defendant is entitled to a judgment of acquittal." *United States v. Simms*, 508 F.Supp. 1188 (W.D. La. 1980).

> Where the motion contends that the verdict was against the weight of the evidence, the motion is directed to the sound discretion of the trial court….Under its broad power, the court may weigh the evidence and consider the credibility of the witnesses….These motions are directed to the "conscience of the court" which must carefully evaluate the inferences and credibility of the evidence to determine whether a miscarriage of justice may have resulted….Should the court find that the verdict is contrary to the evidence, or to its weight, and that a miscarriage of justice has resulted, the court may then set aside the verdict and grant a new trial. [Citations omitted.] 508 F.Supp. at 1202.

In addition to the weight of the evidence, Fed.R.Crim.P. 33 motions often assert juror impropriety and/or bias, ineffective representation, prosecutorial misconduct, judicial overreaching, and the incompetency of the defendant as grounds for a new trial. *Hughes v. Borg*, 898 F.2d 695 (9th Cir. 1990); *United States v. Rivera-Sola*, 713 F.2d 866 (1st Cir. 1983); *United States v. Dean*, 667 F.2d 729 (8th Cir. 1982); *United States v. Wilson*, 534 F.2d 375 (D.C.Cir. 1976); *United States v. Green*, 523 F.2d 229 (2d Cir. 1975); *United States v. Jones*, 597 F.2d 485, *Reh'g denied,* 601 F.2d 586 (5th Cir. 1979); *United States v. Ahern*, 761 F. Supp. 1382 (D.C.Ind. 1991); *United States v. Kladouris*, 739 F.Supp. 1221 (N.D.Ill. 1990); *United States v. Ruiz*, 711 F. Supp. 145 (S.D.Y. 1989).

In *United States v. Butts*, 630 F.Supp. 1145 (D.Me. 1986), a new trial was granted based on counsel's failure to permit his client to testify in his own behalf. See also *United States v. Washita Construction Co.,* 789 F.2d 809 (10th Cir. 1986); *United States v. Cardenas*, 778 F.2d 1127 95th Cir. 1985); *United States v. Medina-Herrera*, 606 F.2d 770 (7th Cir. 1979); *United States v. Ming Sen Shiue*, 650 F.2d 919 (8th Circ.. 1981); *United States v. DeLuca*, 692 F.2d 1277 (9th Cir. 1982); *United States v. Alley*, 661 F.2d 718 (8th Cir. 1981); 18 U.S.C. §4241.

**ARGUMENT:**

In support of the Defendant's petition for a new trial pursuant to Fed.R.Crim.P 33, he sets forth below those facts that support his position. The representations asserted by the Defendant are verified through his Affidavit which is attached to this brief.

There are three prongs to Defendant's argument, and they are as follows:

A. Sufficiency of the Evidence – The standard for review by a trial court on a Rule 33 motion is different than that of a Rule 29 motion. As stated above in the *Simms* case, the Court is given broader discretion in evaluating all aspects of the trial with a view to determine whether or not a miscarriage of justice has resulted.

   Without reiterating the sufficiency of evidence arguments set forth above as they relate to Rule 29(c), the Defendant incorporates by reference those arguments and submits same in support of his Rule 33 petition. Given the different standard of review under Rule 33 and the clear injustice visited upon the Defendant by this conviction, the Court should set aside the verdict and grant a new trial.

B. Prosecutorial Misconduct – The Defendant submits below the following actions taken by the prosecution constitute misconduct in his case. Those representations made below are those which the Defendant has detailed to counsel. Present counsel has no independent knowledge of the truth or veracity of these allegations, and presents same so that a full and complete airing of the Defendant's grievances are disclosed on the record for the Court's consideration.

- The prosecution knew that the purported pipe bomb was non-functioning since it did not have all of the appropriate equipment to explode.

- The government tampered with evidence, specifically changing the bag which originally held the object to a different bag.

- The government altered the times the calls were made from the pay phone.

- The government knew that the device and any of its components had not been shipped across state lines.

- FBI Agent Adam Coffman misrepresented critical facts in his testimony when he stated that he observed on a McDonald's video a dark figure leaving the pay phone at approximately 6:20 AM on the morning in question.

- Agent Coffman wrongfully testified as to the facts and circumstances surrounding Defendant's phone ownership.

- ATF Agent Tom Dart falsely testified concerning an igniter, since there never was an igniter on the subject device.

- Government prosecutor Bohm falsely argued that an igniter was present on the device (see day 2 of trial, page 19, line 15-16).

C. Ineffective Assistance of Counsel – The Defendant asserts that the facts below establish that he did not have effective counsel at trial. Understanding the two-pronged test under *Strickland*, the Defendant

makes these assertions with the understanding that he stands, willing and able to testify in open court and be subject to cross-examination as to all particulars.

Those specific allegations are:

- Failure to present DNA evidence as to possible female suspect.

- Defense attorneys failed to call favorable witnesses that Defendant had requested, including but not limited to Monique Burks, Linda Burleson, and Tanya Sexton.

- The defense attorneys promised the Defendant an acquittal if he would not testify.  As a result, Defendant did not take the stand even though he believed that it was necessary that he testify as to his innocence.

- Defense attorneys failed to give the Defendant access to discovery.

- Defense attorneys failed to challenge the all-white racial component of the jury when the Defendant specifically wanted to have minorities included in the venire.

- Defense attorneys knew that the Defendant had been either drugged or poisoned during lunch on the second day of trial and that the Defendant was incapable of responding rationally nor understanding what was occurring during the court proceedings.

- Defense attorneys had the Defendant sign documents while he was not wearing his glasses, and he had no knowledge of what he was signing, such as critical stipulations.

- Defense attorneys, from the inception of the case, believed the Defendant was guilty and worked with the prosecution, in some form or fashion, to facilitate the conviction.

- Defense attorneys failed to approach the Court to have a sleeping juror excused from service since the juror was not paying attention to critical testimony and evidence.

- The Defendant did not approve of the defense attorneys stipulating that the materials constituting the device traveled in interstate commerce.

- Defense attorneys failed to cross examine case agents on such issues as Defendant's cooperation with the authorities, the type phone the Defendant had in his possession, or other key exculpatory matters.

- Defense attorneys argued before the jury that Linda Curtis had also been indicted on the same charges as the Defendant, which argument emphasized the Defendant's involvement with a guilty person, thus implicating him also as being guilty.

- Defendant's attorneys failed to object to evidence of a phone call at 4:45 AM on the day in question at Defendant's shop, which call was purportedly linked to the Defendant.

- Defendant's attorneys failed to do legal research on key factors such as the definition of firearm, destructive device and interstate commerce.

- Defendant's attorneys failed to investigate or object to evidence purportedly linking Lloyd Cockywood and his phone registration to Defendant, since the Defendant had never been in Irvine, California or establish a telephone contract under the name "Lloyd Cockywood".

- The defense should never have stipulated to the testimony of Jeffery Hardacre and should have required him to testify in person.

- In its opening statement, the defense should not have conceded to the prosecution and the jury key elements of the alleged crimes. These admissions facilitated the prosecution of the Defendant and provided sufficient facts for the jury to decide the case without little evidence of guilt on the part of the Defendant.

- The defense should have objected to modified instruction 4.10 given the facts in the Defendant's case as presented to the jury (see page 213, lines 1-25).

- In her opening statement, Defendant's attorney acknowledged the Defendant's guilt by telling the jury that Defendant had been informed of the contents of the package by Ms. Curtis and therefore had actual knowledge of same.

- The gist of defense attorneys' opening statement emphasized the guilt of the defendant and admissions of key factors (see day 1, page 28, lines 11-16).

- Defense attorneys, in their closing argument, conceded virtually all elements of the offenses against the Defendant, thereby depriving him of proof beyond a reasonable doubt as to all elements of the offenses in controversy (see Day 2, page 95, lines 1-8).

- Defense attorneys failed to correctly cross-examine Cynthia Hollingsead on critical facts concerning the Defendant's defense.

Defendant's allegations are of such a nature and in such a quantity as to justify an evidentiary hearing before this Court. Individually, any one of these errors would not constitute a reason for a new trial. However, on a cumulative basis, the manifest weight of the evidence directs this Court to order a new trial at which time the Defendant can be vindicated. Certainly, credibility matters for a court in determining the viability of a post trial motion under Rule 33. Therefore, in order for the Court to have a full and complete presentation of the Defendant's complaints, an evidentiary hearing should be had. The defense realizes that an evidentiary hearing on post trial motions is extremely rare. However, it is within the sound discretion of the Court to hold such a hearing. Certainly, justice requires that the Defendant be allowed to present his allegations to the Court under circumstances that allow for direct and cross examination.

## CONCLUSION

A casual, third-party observer to these Post Trial Motions would be uneasy as to the seriousness of the allegations contained herein and the Defendant's perception of his trial proceedings.

After hearing Defendant's testimony, the Court can weigh his credibility. When that is done, the Defendant is confident that a new trial will be ordered.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant, Lloyd Lockwood, moves this Honorable Court to enter an order as follows:

- A. Vacating the verdict and ordering a new trial; or
- B. Granting such other and further relief as allowed under *Federal Rules of Criminal Procedure, Rules 29(c), 33*, and *34*, and as this Court deems appropriate;
- C. Holding evidentiary hearings and oral arguments as the Court deems necessary and appropriate; and
- D. For such other and further relief as deemed proper.

Respectfully submitted,

**LLOYD B. LOCKWOOD**, Defendant

By:   /s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
930 East Monroe
Springfield, IL 62701
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jason Bohm, AUSA
U.S. Attorney's Office
201 South Vine
Urbana, IL  61801

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Lloyd Lockwood
Macon County Jail
333 South Franklin
Decatur, IL 62523

/s Jon Gray Noll
Jon Gray Noll 02060108
Attorney for Defendant
Noll Law Office
930 East Monroe
Springfield, IL 62701
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com