UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-20070 |
| ) | |
| LLOYD LOCKWOOD, ) | |
| ) | |
| Defendant. ) | |

### THE UNITED STATES OF AMERICA'S
### MOTION TO DISMISS

The United States of America, by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jason M. Bohm, Assistant United States Attorney, move to dismiss the defendant's post-trial motions.

### Background

The defendant was convicted at trial on August 14, 2013. This Court discharged the jury the same day. Two months later, in a *pro se* filing, the defendant requested new counsel. After the appointment of new counsel, the defendant filed his post-trial motions pursuant to Rules 29, 33, and 34. Each of these rules requires a defendant to file any post-trial motions within 14 days of the verdict. The defendant's motions are untimely and should be dismissed.[1]

---

[1] This Court has given the United States until January 13, 2014, to respond to the defendant's post-trial motions. The United States requests that this Court stay the response date until this Court rules on this motion to dismiss.

Argument

Rule 29, 33, and 34 are each "claims-processing rules" that require a defendant to file any post-trial motion within 14 days of the verdict. "This deadline is rigid." *Eberhart v. United States*, 536 U.S. 12, 13 (2005). "[D]istrict courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Id.* at 17. Thus, "when the Government object[s] to a filing [as] untimely . . . the court's duty to dismiss [is] mandatory." *Id.* at 18.

These rules are "admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings." *Id.* at 19. While Rule 45 has been amended, it "still requires that defendants file their Rule 29 and 33 motions within the [14]-day periods discussed in those rules." *United States v. Ghilarducci*, 480 F.3d 542, 551, n.1 (7th Cir. 2007). *See also United States v. Garfinkel*, 285 F.2d 548, 551 (7th Cir. 1960) (finding that the "short time limit upon motions in arrest of judgment, as provided by Rule 34, cannot be circumvented").

In this case, the guilty verdict was returned against the defendant on August 14, 2013. The defendant's post-trial motions pursuant to Rule 29, 33, or 34, were therefore required to be filed by August 28, 2013. He failed to meet that deadline. The United States, rather than arguing the merits of the motions, is "moving to dismiss on the basis of untimeliness." *Eberhart*, 536 U.S. at 406. Based on the "plain language of the rules," this Court should dismiss the defendant's post-trial motion. *Ghilarducci*, 480 F.3d at 550.

THEREFORE, the United States of America respectfully requests that this Court enforce the time limits imposed by Rules 29, 33, and 34, and dismiss the defendant's post-trial motions.

The United States further requests that this Court stay the briefing schedule on the post-trial motions until this Court rules on this motion to dismiss.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/ Jason M. Bohm
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
(217) 373-5875
(217) 373-5891
jason.bohm@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that on January 9, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/ Jason M. Bohm