UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12-CR-20070 |
| ) | |
| LLOYD B. LOCKWOOD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant, Lloyd B. Lockwood, was convicted at trial on August 14, 2013. Defendant was represented, before and during trial, by federal defenders Elisabeth R. Pollock and John C. Taylor. On October 28, 2013, Defendant filed a pro se Motion to Substitute Attorney (#45), which the court granted on November 19, 2013. The court allowed Pollock and Taylor to withdraw. On November 25, 2013, attorney Jon Gray Noll was appointed to represent Defendant. On December 16, 2013, Defendant filed a Post Trial Motion (#53) pursuant to Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure, requesting the court vacate the jury verdict and order a new trial. In the alternative, Defendant requested the court hold evidentiary hearings and oral argument. Defendant made various allegations against his defense counsel at trial, accusing the federal defenders office of believing that he was guilty "from the inception of the case" and of working "with the prosecution, in some form or fashion, to facilitate the conviction.

The government filed a Motion to Dismiss (#54) Defendant's Post Trial Motion on January 9, 2014. The government argued that, under Rule 45 of the Federal Rules of Criminal Procedure,

Defendant's motion was untimely because motions under the rules cited by Defendant must be filed within 14 days of the verdict. Defendant filed a Response (#55) on January 21, 2014.

Motions for a new trial under Rules 29 and 33, and motions for arresting judgment under Rule 34, must be filed within 14 days of the jury verdict or finding of guilty. Fed. R. Crim. P. 29(c)(1); 33(b)(2); 34(b). Rules 29 and 33 are "claim-processing rule[s]" that are "inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings." *Eberhart v. United States*, 546 U.S. 12, 19 (2005). Further, "a court may not grant a postverdict motion for a judgment of acquittal that is untimely under Federal Rule of Criminal Procedure 29(c) *when the prosecutor objects*." *Eberhart*, 546 U.S. at 18 (emphasis in original), citing *Carlisle v. United States*, 517 U.S. 416 (1996). However, Federal Rule of Criminal Procedure 45(b)(1)(B) allows the court, on its own, to extend the time for filing such a motion "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

Here, the government has objected to Defendant's post trial motion as untimely. Further, Defendant admits that, "based upon review of the record, transcript of proceedings, interview of attorneys of record and discussions with Defendant, current counsel can find no factual basis to allege excusable neglect by prior counsel so as to trigger the provisions of Rule 45(b)(1)(B)." Defendant's Response (#55), p. 3. The court agrees with the government that Defendant's Post Trial Motion (#53) is untimely and can find no reason to extend the time for the filing of motions under Rules 29, 33, or 34 based on excusable neglect under Rule 45(b)(1)(B). The government's Motion to Dismiss (#54) is GRANTED.

IT IS THEREFORE ORDERED:

(1) The government's Motion to Dismiss (#54) is GRANTED.  Defendant's Post Trial Motion (#53) is dismissed as untimely.

(2) This case remains set for a status conference at 11:00 am on Friday, January 24, 2014, in Courtroom A, Urbana courthouse, before this court.

ENTERED this 21st day of January, 2014

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE