UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-20070 |
| | ) | |
| LLOYD LOCKWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S
RESPONSE TO COURT ORDER**

The United States of America, by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jason M. Bohm, Assistant United States Attorney, file this response to the Court's order of January 24, 2014.

Background

The defendant was convicted at trial on August 14, 2013. Since that time trial counsel has been dismissed from the case and new counsel has been appointed to represent the defendant. The defendant has now filed four *pro se* letters with the Court. On January 24, 2014, the Court ordered the United States to respond to the defendant's letters.

Response

The Constitution provides that a defendant has a right to conduct his own defense. However, the defendant does not have a right "to serve as co-counsel in a 'hybrid'" form of representation. *United States v. Chavin*, 316 F.3d 666, 671 (7th Cir.

2002); *see also United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).  The Court retains the discretion to permit the defendant to represent himself when he is also represented by counsel.  *Chavin*, 316 F.3d at 671.  However, such hybrid arrangements are disfavored.  *United States v. Patterson*, 576 F.3d 431, 436 (7th Cir. 2009); *see also United States v. Singleton*, 107 F.3d 1091, 1101, n.7 (4th Cir. 1997) (noting that "[t]he cases reiterating the principle that courts are not required to allow defendants to split the responsibilities of the representation with an attorney are myriad").

>   The Local Rules provide:
>
>> All written pleadings, motions, and other papers in a criminal case filed in this district must be signed by the attorney of record, in the attorney's individual name, whose address, telephone number, and typed name will also be stated.  A defendant who is not represented by counsel must sign pleadings in the same manner.

CDIL-L.R. 12.1(B).  The rules do not contemplate a situation in which a represented defendant can file pleadings, motions or other papers *pro se*.  If there is an argument "well-grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," counsel for the defendant is more than capable of filing a motion.  CDIL-L.R. 12.1(C).

<u>Conclusion</u>

The "defendant does not have an affirmative right to submit a pro se brief when represented by counsel." *Gwiazdzinski*, 141 F.3d at 787. Thus, his letters "are improperly before the Court" and should be stricken. *Id.*

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/ Jason M. Bohm
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
(217) 373-5875
jason.bohm@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that on February 14, 2014, my office filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Jason M. Bohm