FILED
FEB 19 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Wednesday, 19 February, 2014 03:54:12 PM
Clerk, U.S. District Court, ILCD

2-16-14

12-20070

Judge Harold Baker:

Judge Michael McCuskey asked the Government to respond to my filings by 02/14/14 & me to reply by 2/28/14 and an Conference was set for 3/5/14 which was vacated on 2/07/14 and Court was set for sentencing on 4-10-14. However, I believe this is taking my Constitution Rights away again. Thats why I asks for new Counsel, new Judge and Prosecutor. My Complaints alone show I have know Constitution Rights to an Fair Processing and not allowing me the Right to file or my Counsel will not file is Extremely unfair & Personal Bias or Prejudice. Because I am black, I have know Rights in that Court house & all my Rights, Constitutional Rights have been taking do to this Conspiracy not to give me Fair pricessing in Court. I have an Right to file & be heard on my motion on Newly Discovered Evidence Rule 33(B)(1) which you and McCuskey took away. So I beg the Courts to Reply on this matter please. Unless you're saying I don't have an Constitutional Rights.

Copies: Noll, ARDC, Bohm

2#

2-16-14

Judge BAKER:

Just tell me, do you think it right now to let me file my motion on Rule 33(B)(1) was I have the evidents? It's conspiracy when my counsel tells the jury & the grovenment don't have to prove anything, because Ns. Pollock told them I was guilty, she told them I knew what was in the bag p. 26 (2-4) p. 27 (3-11) p. 28 (11-16) and yet he gets involved in this scheme. Now its this conspiracy p. 109 (15-19) p. 94-95 (25-1-8) This is what they don't want you to see and I've an lot more evidents. Please allow my motion to be answer, an court house if that the only way for fairness because I am with in time still to file otherwise my constitutional rights are taking away. Please read part of my evidents and grant me relief.

Reply please
LS

It's weird that the exhibits in trial, was the same evidents the grovenment took out of Mr. Griders garages/ the indictment on page two wal-mart bag clearly was not at trial. it was an thank you bag sir. I can prove my case. Please hear motion.

3rd                                                                 2-16-14

## THE SUPREME COURT

Said I do have an Constitutional Right in Court through motions for Newly Discovery Evidents Rule 33(B)(1) is an Right when defendant have Sufficient evidence, "Transcripts & Discovery" to hear or allow motion to be heard. I am within my time of fileing & I ask the Court to give me new Counsel that will file in my favor or if Mr. Noll wants to remain counsel and do so with defendants help.

So I come before the Courts and ask for extension to make fileing before Courts.

1  Really?"

2      But ultimately, you know, she assured him it
3  was a fake bomb, not a real one. He said, "Okay." He
4  calls. And then later that day, he's getting upset.
5  He's realizing: What is going on here? And you're going
6  to hear from witnesses who will tell you that he was
7  incredibly confused and upset for the rest of that day,
8  thinking: What is going on here?

9      Sometime after Lloyd dropped his package off,
10 he did call 911, as Mr. Bohm said; and he did make that
11 statement, and you're going to hear it. But nowhere, in
12 no statement, and never to anyone has he ever said he
13 knew what that was in that package. He didn't.

14     Later that evening, you're going to hear
15 Melinda Grider say, yeah, she did find that bomb in her
16 mailbox; and, yes, the police did come, and they did
17 render it safe, and they did take it into custody. And
18 eventually they found that Lloyd was the person who had
19 made that call.

20     He did cooperate. He did call Susie Curtis.
21 And you'll hear during that phone call with Susie Curtis
22 on November 8, 2011, that he said, "Did you really give
23 me a bomb?" He asked her that question, because he
24 didn't really know that that's what had happened.

25     And that's ultimately what this case is all

1  about.  It is a very simple and also a very difficult
2  question for you to answer.  It's simple because it's one
3  thing:  Did he or did he not know that it was a
4  functional pipe bomb in that package before he dropped it
5  off?  That is the only issue in this case.  Because
6  nobody is disputing that it was a pipe bomb.  I'm not
7  going to get up here and argue that it wasn't what they
8  say it was, or that he didn't put it in the mailbox, or
9  that he didn't call 911, or anything that happened during
10 the course of the investigation.  Because all of that did
11 happen.
12         It's a difficult case for you because you have
13 to look in the past, into somebody's mind, and decide for
14 yourself what he was thinking.  That's a hard question.
15 So that's why I'm saying:  It's difficult and an easy
16 case.  It's one question, but it's a hard question.
17         And while you are listening to the evidence,
18 while you are being shown the exhibits, and while you are
19 hearing the testimony of the witnesses, keep this in
20 mind:  There is no reason that Lloyd Lockwood would have
21 voluntarily participated in this concocted scheme of
22 Susie Curtis.
23         You will hear the agents testify.  They
24 searched both sets of their bank records to try to find
25 out:  Did he get paid?

1    No, he didn't. There was no money exchanged.

2    Is there any evidence of a sexual relationship
3    between them? Was this for love or an affair?

4    No. Both of them were married to other people
5    and had been nothing but friends over the course of the
6    last 15 years.

7    What reason -- think when you're listening with
8    every witness that comes up there, think to yourselves:
9    What would motivate him to do this? You'll hear he's a
10   successful business person.

11   Yeah. He's a felon. Twenty years ago he had a
12   felony. He reformed his life. He started a small
13   business. He employed people. He was successful. All
14   of these things -- and, yet, he gets involved in a scheme
15   to plant a pipe bomb in the residence of a house that
16   he'd -- of a guy he never met before and didn't know?

17   This is Susie Curtis's scheme. She's the one
18   who wanted to get out of the court date that her brother
19   had taken her to because she was a thief and had stolen
20   from her elderly mother. She was the one, you'll hear,
21   who faked a fall in the Macon County Courthouse on the
22   date of the actual hearing, on the 31st of March, so that
23   she didn't actually have to go to that hearing. Scheme
24   number one failed. Let's try scheme number two.

25   She's the one who's just been charged in

1  it's quite different than any of the courtroom dramas you
2  may have seen on TV if this is your first jury service.
3  And you paying attention and being alert for everything
4  is something that both parties really appreciate, so
5  thank you very much.
6        I don't have a pretty Power Point because I
7  don't have Lisa at my table, but I would ask you at this
8  time to pick up the jury instructions that you were
9  handed and to turn to page 15.  These are the elements of
10 the first count that have to be proven by the government
11 beyond a reasonable doubt in order for you to find Lloyd
12 guilty today.
13        And the next page, page 16, are the elements
14 that have to be proven by the government beyond a
15 reasonable doubt in order for you to find him guilty of
16 the second count.
17        And Mr. Bohm and I agree on one thing, which is
18 that there is still just the one issue for you to decide,
19 which is:  Did he know before he placed the package into
20 the Grider mailbox -- did he know what it was?  p.26(2-4)
21        And you'll see the word "knowingly" in
22 paragraph 1 on page 15 and in paragraph 2.  And you'll
23 see the word "knowingly" in paragraph 1 on page 16 as
24 well.
25        Now, Mr. Bohm did a very pretty job of

1  arranging all of the other elements for you and showing
2  you that those elements have already been established;
3  and as I told you in the very beginning when I first got
4  up here, I am not arguing with any of that. We are not
5  arguing with that. We're not disputing it. Because
6  they're true. The device ended up being a pipe bomb.
7  The device was not registered. All of those things are
8  true.
9      And, yes, a long time ago, Lloyd Lockwood had a
10 felony conviction. All those things were stipulated to
11 and made this trial go quickly because there's no point
12 in arguing with you. You guys are smart. If Jason Bohm
13 had brought in evidence and shown those things, dragged
14 some ATF agent from Washington, D.C., to prove the pipe
15 bomb was a pipe bomb, that would have been a waste of
16 everybody's time. We're not going to fight the things
17 that are just plainly true.
18     But we are fighting the things which are just
19 plainly not true. And that is: Did he or did he not
20 know what was in that package?
21     Now, one more page of these jury instructions,
22 and the next page and the last page that I'll ask you to
23 flip to is page 19. And page 19 is the definition of
24 when somebody knows. And we'll just read it together
25 because this is the most important thing for you.

1  the conversations. You don't have the text messages.
2  You don't have any direct evidence at all that he knew
3  what was in that package.
4      What you do have is reasonable doubt because of
5  what I've told you today and argued to you in opening
6  statement, because there's no reason for him to have done
7  this, because they can't prove it, because he could have
8  made a call from another phone talking to Susie Curtis or
9  had another conversation with her after he put the pipe
10 bomb in, at which time we don't know because nobody can
11 tell us, sometime in a two-hour window that morning. We
12 don't know. And you can't convict somebody when you just
13 don't know. There is too much missing from this case for
14 you to convict him of these crimes. He didn't know.
15      Now, the government probably wanted a
16 conspiracy here. They probably wanted him to say he knew
17 and to be able to nail Susie Curtis to the wall for what
18 she and he conspired to do together. But that didn't
19 happen.
20      They didn't charge her until recently, and she
21 is charged, as you've heard the testimony. She is also
22 going to go through a case like this and potentially
23 either plead guilty or go to trial. Same charges, same
24 district, same judge, same crime.
25      But Lloyd couldn't tell them what they wanted

1  to hear.  He couldn't tell them that he knew, because he
2  didn't, and because they can't prove it to you today.
3       And for all of those reasons, I ask you to find
4  him not guilty on both of these charges.
5       Thank you --
6       THE COURT:  Thank you, Ms. Pollock.
7       Because the government has the burden of proof,
8  they have the opportunity to go last in rebuttal, and you
9  may proceed, Mr. Bohm.
10      MR. BOHM:  Thank you, Your Honor.
11      Let me start where Ms. Pollock did.  She asked
12 you to look at page 19 of your jury instructions and read
13 that over.
14      Interestingly, she skipped one sentence in that
15 instruction.  It would be the first sentence of paragraph
16 2.  "You may find that the defendant acted knowingly if
17 you find beyond a reasonable doubt that he had a strong
18 suspicion that the item in the plastic bag was a
19 destructive device and that he deliberately avoided the
20 truth."
21      This is sometimes referred to as "the ostrich
22 instruction."  The defendant doesn't get to be an
23 ostrich.  He doesn't get to say:  Oh, I had a strong
24 suspicion when I knew, but I didn't ask any questions.  I
25 didn't look.  I just stuck my head in the sand.  I didn't

Lloyd Lockwood 83483
333 S. Franklin St.
Decatur, IL 62523

Legal Mail

Legal Mail

Judge Harold Baker
Federal Court House
600 E Monroe
Springfield, IL 62701